```
                 UNITED STATES DISTRICT COURT
                          FOR THE
                    DISTRICT OF VERMONT

OVER & UNDER PIPING            )
CONTRACTORS, INC.,             )
                               )
     Plaintiff,                )
                               )
     v.                        )     Case No. 2:15-cv-169
                               )
VERMONT GAS SYSTEMS, INC.,     )
                               )
     Defendant.                )
```

## OPINION AND ORDER

Two related motions are currently pending in this case. The first was filed by Plaintiff Over & Under Piping Contractors, Inc. ("Over & Under") seeking a writ of attachment in order to perfect a contractor's lien. ECF No. 26. The second, filed by Defendant Vermont Gas Systems, Inc. ("VGS"), requests dismissal of the motion for a writ of attachment because the time period for perfecting the lien has passed. ECF No. 37. To the extent that Over & Under seeks an attachment based upon facts beyond the recorded lien, VGS requests leave to file a surreply. For the reasons set forth below, the motion for a writ of attachment is **denied** without prejudice and VGS's motion is **denied** as moot.

On October 29, 2015, Over & Under moved for a writ of attachment. The motion asserts that liens were recorded against VGS properties on May 27, 2015. Under 9 V.S.A. § 1924, a lienholder must commence a civil action within 180 days after the lien is recorded "and cause such real estate or other property to

be attached thereon."  The Vermont Supreme Court has held that perfection, by means of a judicial order, must be achieved within 180 days of recording the lien or the lien is lost.  *Filter Equip. Co. v. Int'l Bus. Machines Corp.*, 458 A.2d 1091, 1092 (Vt. 1983) ("We have consistently held . . . that the property involved must be actually attached within the three-month period, and that it is not enough that the suit be merely commenced.").  Quoting the Reporter's Notes to the Vermont Rules of Civil Procedures, the court noted that "'[a]ttorneys should take care to commence actions on such liens in ample time to permit completion of the attachment within the . . . period provided by the statute after the filing of notice of the lien.  Otherwise, under the statute the lien will be lost.'"  *Id*. at 1093 (quoting Reporter's Notes to 1979 Amendment to Vt. R. Civ. P. 4.1).  In this case, the lien was not perfected by means of a judicial order within 180 days of recording.  Consequently, the lien has been lost and any attachment would not date back to the time of recording.

In more recent filings, Over & Under contends that despite the expiration of the perfection period, it is still entitled to an attachment on VGS assets.  VGS contends that Over & Under is raising new arguments that were not submitted in the initial motion, and asks for leave to file a surreply in response to those arguments.

2

At a status conference held on July 25, 2016, the Court and the parties discussed whether it would be useful and appropriate to hold a hearing on the attachment motion at this stage in the case. As the Court noted at the time, the theories underlying the motion lie at the heart of the case, and a testimonial hearing would essentially amount to a trial on the merits. The Court also questioned whether holding such a hearing at this early stage, with discovery barely under way, would be an effective use of the parties' time and resources.

The Court further noted that Over & Under is suing a large utility that is likely to have sufficient assets to cover any eventual judgment. Vermont law permits an attachment where "there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance, bond, or other security shown by the defendant to be available to satisfy the judgment." Vt. R. Civ. P. 4.1(b). Although VGS has not presented evidence of assets or security sufficient to satisfy a judgment, the Court questions whether it is necessary to secure an attachment against the utility.

Over & Under's counsel represented at the status conference that he would confirm with his client whether Over & Under wished to move forward with the pending motion for a writ of attachment.

To date, counsel has not contacted the Court with regard to that issue. If Over & Under is still pursuing an attachment, the parties now have the benefit of additional discovery and may choose to incorporate such information into their papers. VGS has already requested leave to file a sur-reply, and will undoubtedly seek to file additional materials in response to anything new that is filed by Over & Under.

Rather than litigate the attachment question in a series of amended filings and sur-replies, and given that the original motion is premised in part upon a contractor's lien that has since been lost, Over & Under may move for an attachment anew. The current motion (ECF No. 26) is **denied** without prejudice to re-filing. The Court expresses no opinion at this time as to whether Over & Under is likely to succeed on the merits of an attachment motion. VGS's motion to dismiss the pending motion for a writ of attachment (ECF No. 37) is **denied** as moot.

DATED at Burlington, in the District of Vermont, this 30th day of September, 2016.

/s/ William K. Sessions III  
William K. Sessions III  
District Court Judge